Filed 4/18/14  T.G. v. Superior Court CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| T.G.,<br><br>          Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF CONTRA COSTA COUNTY,<br><br>          Respondent;<br><br>CONTRA COSTA COUNTY CHILDREN & FAMILY SERVICES BUREAU et al.,<br><br>          Real Party in Interest. | A141005<br><br>(Contra Costa County<br>Super. Ct. No. J13-00427) |

          T.G. (Mother) has filed this petition for an extraordinary writ pursuant to California Rules of Court, rule 8.452 after the juvenile court refused her request to change an earlier order denying reunification services with her daughter, H.L. (Minor) and set a permanency planning hearing pursuant to Welfare and Institutions Code[1] section 366.26 (the .26 hearing).  We shall deny the petition on the merits.

## I.  BACKGROUND

          Contra Costa County Children and Family Services (the Department) filed a dependency petition (§ 300) in April 2013 on behalf of Minor, who was then two years old.  According to the detention/jurisdiction report, Mother had lost custody of two of her children in the past as a result of her substance abuse issues.  When asked in March 2013

_____

[1] All statutory references are to the Welfare and Institutions Code.  All rule references are to the California Rules of Court.

about her current substance abuse, Mother admitted to a social worker that she had used methamphetamine on two occasions, most recently about two months previously. She denied using alcohol or marijuana, but said that that Minor's father, R.L. (Father) used marijuana.[2]

The petition originally included an allegation that Minor had suffered neglect, which the detention/jurisdiction report said was due to an "out of control diaper rash," and to the facts that Mother had missed WIC appointments and follow-up medical appointments, that Mother smoked "crank," and that she and Father frequently drank alcohol. Mother told the social worker that she missed appointments with a medical clinic and with WIC because she had to take recyclables to be redeemed so she could pay her rent and utility bills. In the social worker's second conversation with Mother, Mother said she had made an appointment and that Minor had a staph infection and was being treated with antibiotics. Minor's paternal grandmother told a social worker that Mother was using drugs on a regular basis, and that a year previously she had seen a crack pipe in Minor's backpack. Mother's home was "extremely cluttered to the point where it look[ed] like 'hoarding' behavior."

The detention/jurisdiction report noted that one of Mother's older children, A.S., had been the subject of a dependency case due to a substantiated allegation of severe neglect, that the case included family maintenance and family reunification services, and that A.S. was ultimately adopted by a relative.

Mother signed a voluntary family maintenance plan on March 25, 2013, but failed to maintain contact with the case worker, and failed to attend outpatient treatment with random drug testing, as the plan required.

Minor was detained, and the juvenile court sustained three allegations of the amended petition: that Minor was at substantial risk of harm in Mother's care because of

---

[2] Father is not a party to this writ proceeding. We shall recite the facts relating to Father only to the extent they are relevant to the issues before us. At the time of the detention/jurisdiction, Father was no longer living with Mother and Minor. He admitted using marijuana, and agreed not to use it before visiting Minor.

Mother's chronic substance abuse problem that interfered with her ability to parent Minor adequately; that Minor was at substantial risk of harm in the care of father due to his chronic abuse of marijuana, which Father continued to use while living with Mother; and that Father's anger management problem had interfered with his ability to parent Minor.[3] (§ 300, subd. (b).)

A dispositional hearing took place on July 11, 2013. According to the Department's disposition report, Mother's older daughter, A.S., had been the subject of a dependency proceeding after testing positive for amphetamines at her birth in 2005. Mother admitted to having an addiction to methamphetamines. Mother received both inpatient and outpatient treatment for her addiction, but relapsed both during and after treatment. Her relationship with A.S.'s father was characterized by domestic violence that occurred while A.S. was in the home. A.S. was "placed and replaced on six occasions" due to her parents' "chaotic lifestyle and inability to stabilize." Mother's parental rights to A.S. were terminated in 2008, and A.S. was adopted by her maternal grandparents. Mother also had an older son, born in 1994. Mother was married at the time; when she began using drugs and alcohol, her husband moved away with their son.

Mother reported that she had struggled with drugs in the past, but said she had been clean for " 'awhile.' " She was unemployed, had housing, and received food stamps.

The disposition report stated that Minor had no developmental delays, and that she "is a very happy and friendly child. She does not fear strangers; easily adjust[s] to the environment she is put in, and [is] very socially outgoing. Her play is free from indications of stress and she does not present with any noticeable indications of abuse. She is completely toilet trained, sleeps and eats well." However, the Department noted that the parents had a long history of substance abuse, and that although they had been given referrals for drug testing and services, they had "not participated in services that

---

[3] It appears that Mother had pled no contest to these allegations.

3

would indicate that they have changed their behavior." Therefore, the Department opined, Minor could not safely be returned to their care.

Mother and Father had had two visits with Minor. Their interactions with her were appropriate. Minor appeared to enjoy the visits and returned to her placement without any behavioral issues.

The Department recommended that no services be offered to Mother pursuant to Welfare and Institutions Code section 361.5, subdivision (b)(10) & (11), because her parental rights to a previous child had been terminated and she had a long-standing history of substance abuse. The Department stated: "Although the mother presents as cooperative, she has yet to demonstrate that parenting her child in a substance-free life is a priority and not an option. The mother has treated the issues which have already necessitated the Bureau's involvement and the loss of a previous child due to failure to reunify, as somehow not related to this present child and her risk. Mother's resistance to change increases the risk to her child and demonstrates that she is unable or unwilling to change for the sake of her child."

At the dispositional hearing, the juvenile court adjudged Minor a dependent child, found by clear and convincing evidence that she could not safely be returned to her parents, and offered reunification services to Father only, not to Mother.

In January 2014, Mother petitioned the court to change its order denying her reunification services and to reinstate reunification services. (§ 388.) She stated that she had been "engaged in and graduated from the 'Nurturing Parent Training Program' of the Child Abuse Prevention Council," and that she had been visiting Minor regularly.

The Department opposed the Mother's petition based on her history with her older daughter, A.S., and the fact that after Minor came to the attention of the Department, Mother was offered voluntary family maintenance but failed to maintain contact with the social worker, submit to random drug testing, or participate in a substance abuse treatment program. According to the Department, Mother had still not addressed her problems with substance abuse.

4

A status report prepared for the six-month review hearing stated that Minor had been placed in her maternal grandparents' home, that she had adjusted well and was happy, and that her grandparents were interested in adopting her. Father had not complied with his reunification plan. The Department recommended that a .26 hearing be set.

The hearing on the section 388 motion and the six-month review hearing took place on February 3, 2014. The juvenile court denied Mother's request for reunification services, stating, "I do not see any evidence of mother making any progress on what has caused the problems in this case; her drug abuse, substance abuse issues. They lead to her chaotic and unstable lifestyle. And without a solution there, there will be no solution for her. [¶] She was offered the voluntary family maintenance services, and she didn't drug test. She just didn't follow through on that. And she's done nothing to address that. So I see no change—any significant change in circumstances." The court then terminated reunification services for Father and set a .26 hearing to determine a permanent plan for Minor.

## II. DISCUSSION

Mother challenges the juvenile court's denial of her section 388 motion to modify the order denying her reunification services. Section 388, subdivision (a)(1), provides in pertinent part: "Any parent or other person having an interest in a child who is a dependent child of the juvenile court . . . may, upon grounds of change of circumstance or new evidence, petition the court in the same action in which the child was found to be a dependent child of the juvenile court . . . for a hearing to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court." At a hearing on such a motion, the moving party has the burden to show both that there is new evidence or changed circumstances to support the proposed modification and that the proposed modification is in the child's best interests. (*In re Stephanie M*. (1994) 7 Cal.4th 295, 317; *In re B.D.* (2008) 159 Cal.App.4th 1218, 1228.) We review the denial of a section 388 motion for abuse of discretion. (*In re Jasmon O.* (1994) 8 Cal.4th 398, 415; *In re B.D.*, *supra*, 159 Cal.App.4th at p. 1228.)

Mother asked the court to modify the order denying reunification services. Under section 361.5, subdivision (b), a juvenile court need not order reunification services where the parent's reunification services for any siblings or half siblings of the child had previously been terminated either because "the parent or guardian failed to reunify with the sibling or half sibling after the sibling or half sibling had been removed from that parent or guardian" (§ 361.5, subd. (b)(10)) or because "the parental rights of a parent over any sibling or half sibling of the child had been permanently severed" (§ 361.5, subd. (b)(11), and the same parent has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling or half sibling. (§ 361, subd. (b)(10) & (11).) As we have explained, Mother earlier lost custody of one of her older children, A.S., after a dependency proceeding brought on by Mother's amphetamine use during pregnancy and her addiction to drugs.

We find no abuse of discretion in the juvenile court's conclusion that Mother did not show a change in circumstances. Mother's drug abuse led to the removal of her older daughter, and there was evidence that her drug abuse led to a life characterized by chaos and instability. Mother admitted to having used methamphetamine shortly before the dependency proceedings began. She was offered voluntary family maintenance services at the beginning of the current dependency, but failed to maintain contact with the social worker, participate in outpatient services, or submit to drug testing. There is no indication that the "Nurturing Parent Training Program" was designed to address Mother's longstanding problems with substance abuse. On this record, the juvenile court could reasonably find Mother failed to meet her burden to show a change in circumstances.

Mother's reliance on *Renee J. v. Superior Court* (2002) 96 Cal.App.4th 1450, does not persuade us otherwise. *Renee J.* concluded an amendment to section 361.5 applied retroactively, and remanded the matter to the juvenile court to consider whether to provide reunification services to a mother. (96 Cal.App.4th at pp. 1455, 1466–1467.) In doing so, the Court of Appeal rejected the social services agency's argument that any error was harmless because the mother had not taken reasonable steps to address her drug

6

problem; the court noted that section 361.5 authorized, but did not require, the juvenile court to deny services in the specific circumstances, and noted there was evidence from which the juvenile court could conclude the mother had made significant changes in her lifestyle since the removal of her other children. (*Id*. at pp. 1463–1464.) The issue here is whether the juvenile court abused its discretion in concluding Mother had not shown a change in circumstances under section 388. Mother has not shown an abuse of that discretion.

## III. DISPOSITION

The petition is denied on the merits. (§ 366.26, subd. (*l*)(1)(C); rule 8.452(h)(1); *In re Julie S.* (1996) 48 Cal.App.4th 988, 990–991.) Our decision is final immediately. (Rule 8.490(b)(2).) The request for a stay of the May 30, 2014 hearing is denied.


_____
Rivera, J.


We concur:


_____
Reardon, Acting P.J.


_____
Humes, J.